**Manuel A. CACDAC, M.D., Appellant (Defendant Below),**

v.

**Katherine L. HILAND and George M. Hiland, Appellees (Plaintiffs Below).**

No. 23S01–9010–CV–696.

Supreme Court of Indiana.

Oct. 30, 1990.

John Christopher Wall, Patrick Wilkinson Goeller & Modesitt, Terre Haute, for appellant.

Mary A. Findling, Price & Shula, Indianapolis, Eric A. Frey, Frey, Hunt, Hassler & Lorenz, Terre Haute, for appellees.

PER CURIAM.

The Court of Appeals has held that in a medical malpractice case equitable estoppel will bar a statute of limitations defense only if the claimant has been diligent by filing an action within a reasonable time after discovery of the alleged malpractice. We adopt their decision.

Dr. Manuel A. Cacdac operated on Katherine L. Hiland in June 1981. Concerned about the outcome, she consulted other physicians in March 1983. Her last treatment through Dr. Cacdac's office occurred in April 1985. By June 1985 she had reached the conclusion that the surgery had been unnecessary. In April 1987, twenty-two months later, she sued Cacdac for malpractice.

Cacdac moved for summary judgment, asserting that the action was not filed within the statute of limitations. The trial court denied the motion. The Court of Appeals reversed and ordered summary judgment for the doctor. *Hospital Corp. of America v. Hiland* (1989), Ind.App., 547 N.E.2d 869. It noted that the statute of limitations in medical malpractice is an occurrence statute rather than a discovery statute. It held that a patient's claim of fraudulent concealment may bar such a defense under the doctrine of equitable estoppel. The Court of Appeals further held that equity will bar the defense only if the claimant has instituted a cause of action within a reasonable time after discovering the alleged malpractice.

The Court of Appeals has correctly stated the law under which Cacdac's motion for summary judgment and Hiland's response should be analyzed. Equity supplies what equity requires. We agree with the Court of Appeals that Ms. Hiland's delay of twenty-two months after her own conclusion that the surgery was unnecessary was not reasonable and that the trial court should have granted Dr. Cacdac summary judgment based on the statute of limitations. We adopt the opinion of the Court of Appeals pursuant to Ind. Appellate Rule 11(B)(3).

SHEPARD, C.J., and DeBRULER, GIVAN, and PIVARNIK, JJ., concur.

DICKSON, J., dissents with opinion.

DICKSON, Justice, dissenting.

The majority recognizes the determinative issue to be whether Ms. Hiland's delay in the commencement of her action was reasonable. Such reasonableness is a factual determination. Its resolution is best left to the sound discretion of the trial court upon presentation of evidence subject to weight and credibility assessment. Because of this genuine issue of material fact, the trial judge correctly denied summary judgment. Ind.Trial Rule 56(C).