Leroy KEESLING, Vivian Keesling, and Leroy Keesling Farms, Plaintiffs–Appellants,

v.

BAKER & DANIELS, Daniel Johnson and James Carr, Defendants–Appellees.

No. 73A01–9012–CV–486.

Court of Appeals of Indiana, First District.

May 21, 1991.

Dean E. Richards, Indianapolis, for plaintiffs-appellants.

William P. Wooden, Katherine L. Shelby, Wooden, McLaughlin & Sterner, Indianapolis, J. Lee McNeely, Shelbyville, for defendants-appellees.

BAKER, Judge.

Plaintiff-appellants Leroy Keesling, Vivian Keesling and Leroy Keesling Farms (collectively, the Keeslings) appeal the trial court's entry of summary judgment in favor of defendant-appellees Baker & Daniels, Daniel Johnson and James Carr (collectively, Baker & Daniels) in this action for attorney malpractice. We affirm.

## ISSUES

The Keeslings raise the following issues for our review:

I. Whether the trial court erred in finding their action was barred by the applicable statute of limitations.

II. Whether the trial court abused its discretion in granting Baker & Daniels' motions for protective orders relating to discovery.

III. Whether the trial court erred in denying admission of certain evidence offered by the Keeslings.

## FACTS

This action for alleged attorney malpractice arose out of Baker & Daniels' representation of the Keeslings in a Chapter 11 bankruptcy case filed August 28, 1980. During the representation of the Keeslings, Baker & Daniels realized that the Keeslings might be able to assert a defense or claim against one of the creditors, Lafayette Production Credit Association (LPCA). Baker & Daniels was concerned about a potential conflict of interest because they had represented other Production Credit Associations with respect to other claims and defenses. To alleviate the concern, Baker & Daniels had the Keeslings execute an application to employ special counsel in February of 1983. The bankruptcy court granted the application, and Bose, McKinney & Evans was authorized to represent the Keeslings as special counsel in the LPCA matter.

The bankruptcy court confirmed the Keeslings' second amended consolidated plan of reorganization on February 13, 1985. Baker & Daniels petitioned for leave to withdraw as Keeslings' counsel in July of 1985, after the Keeslings failed to communicate with the firm concerning their obligations under the plan, and failed to pay money they owed to the firm. The bankruptcy court approved the withdrawal of Baker & Daniels on August 12, 1985.

Subsequently, on August 24, 1987,[1] the Keeslings filed an action for attorney malpractice against Baker & Daniels alleging the firm failed to adequately represent them, and failed to disclose the potential conflict of interest. Baker & Daniels moved for summary judgment, which was granted by the trial court. The Keeslings now appeal.

## DISCUSSION AND DECISION

When reviewing an entry of summary judgment, this court applies the same standard as the trial court. Summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All evidence is construed in favor of the non-movant.[2] *Hatton v. Fraternal Order of Eagles* (1990), Ind.App., 551 N.E.2d 479, *trans. denied.*

### Statute of Limitations

The parties agree that because this is an action for attorney malpractice, the applicable statute of limitations is two years. *See* IND. CODE 34–1–2–2(1).[3] It is not apparent precisely when the alleged attorney malpractice took place; however, Baker & Daniels represented the Keeslings in the bankruptcy action from approximately August of 1980 until August 12, 1985. Assuming the alleged malpractice occurred on the last day of Baker & Daniels' representation of the Keeslings, a very unlikely assumption and an assertion not made by the Keeslings, the Keeslings' cause of action had to be brought by August 12, 1987. They did not file their claim against Baker & Daniels until August 24, 1987. Their claim is thus barred by the applicable statute of limitations.

The Keeslings do not disagree with the above analysis, but rather argue the statute of limitations was tolled by fraudulent concealment. "The doctrine of fraudulent concealment operates to estop a defendant from asserting a statute of limitations defense when that person, by deception or a violation of a duty, has concealed material facts from the plaintiff thereby preventing discovery of a wrong." *Hospital Corp. of America v. Hiland* (1989), Ind.App., 547 N.E.2d 869, 873, *aff'd on transfer, Cacdac v. Hiland* (1990), Ind., 561 N.E.2d 758. Fraudulent concealment can arise from either active efforts to conceal malpractice, or from a failure to disclose material information when a fiduciary or confidential relationship exists. *Id.*

In this case, the Keeslings argue there was fraudulent concealment under the "active efforts to conceal" branch of the doctrine because Baker & Daniels did not keep the Keeslings informed, sacrificed the Keeslings' interests in favor of their own, and ignored direct requests for relevant information.[4] To be affirmative acts of concealment, the actions must be calculated to mislead and hinder a plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation. *Ludwig v. Ford Motor Co.* (1987), Ind.App., 510 N.E.2d 691, *trans. denied.* "There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Id.* at 697. The Keeslings cite absolutely no evidence to support the allegation of

---

1. The Keeslings state the action was filed on August 28, 1987; however, the complaint indicates it was filed on August 24, 1987.

2. While not applicable to this case, we note the amendment to T.R. 56 provides: "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court." T.R. 56(H). This amendment was effective January 1, 1991, and is thus not applicable to this case because summary judgment was granted in 1990.

3. IND. CODE 34–1–2–2(1) provides actions "[f]or injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute …" must be brought within two years after the cause of action has accrued.

4. On appeal, the Keeslings state: "This is not the situation when there is a mere failure to disclose within a fiduciary relationship...." *Appellant's Brief* at 14.

active fraudulent concealment. In a summary judgment proceeding, the non-movants may not rest on the allegations or denials of their pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute. *Willsey v. Peoples Federal Sav. & Loan* (1988), Ind.App., 529 N.E.2d 1199, *trans. denied.* The Keeslings have not so responded.[5]

■ Even if we were to assume the Keeslings have shown evidence to support their active fraudulent concealment allegation, we would find their action barred by the statute of limitations. Under the fraudulent concealment doctrine, a plaintiff does not have the full statutory period from the discovery of the alleged malpractice in which to file a claim. *Hospital Corp., supra.* The plaintiff has the responsibility to institute an action within a reasonable time after discovery of the alleged malpractice. *Id.* "Thus, although equitable grounds exist for estopping a defendant from claiming the statute of limitations as a defense, estoppel will be denied if the plaintiff fails to exercise due diligence in filing his claim after the equitable grounds cease to be operational as a valid basis for inducing the plaintiff's delay." *Id.* at 873.

In this case, the Keeslings acknowledge they became aware of their claim sometime in the fall of 1985. Yet they waited almost two years to file their action against Baker & Daniels. The Keeslings do nothing to attempt to explain the delay. The action was not filed within a reasonable time. *See id.* (holding action filed 22 months after the latest date plaintiff discovered alleged malpractice was not filed within a reasonable time); *Cyrus v. Nero* (1989), Ind.App., 546 N.E.2d 328 (22 month delay between discovery and filing was unreasonable). The trial court did not err in granting summary judgment in favor of Baker & Daniels because the Keeslings' claim was barred by the applicable statute of limitations.

*Discovery*

■ The Keeslings argue the trial court abused its discretion in granting protective orders with respect to discovery, and thus removed a meaningful route of their response to Baker & Daniels' motion for summary judgment. The scope of discovery is a matter highly dependent upon the facts of each case. *Vibromatic Co. v. Expert Automation Systems* (1989), Ind.App., 540 N.E.2d 659. The grant or denial of motions for discovery rests within the sound discretion of the trial court, and will be reversed only for an abuse of discretion. *Id.*

■ The Keeslings first argue the trial court abused its discretion in granting protective orders for non-parties from whom the Keeslings wished to receive information. Ind. Trial Rule 34(C) governs production from non-parties. The request must set forth the items to be inspected either by item or category, and describe the items or categories with reasonable particularity. In addition, the request shall specify a reasonable time, place and manner of making the inspection. Finally, the notice "shall also state that the witness or person to whom it is directed is entitled to security...." T.R. 34.

Keeslings' requests for production asked for all materials, correspondence and financial statements which the non-parties possessed relative to the Keeslings from 1975 to the present (1987). The requests did not list items or categories with reasonable particularity, and said nothing about the non-parties' entitlement to security. Additionally, the notices stated "[p]roduction of these documents may be made by forwarding a copy of the documents requested to the law offices of [the Keeslings' attorney]." *Record* at 53, 57, 59, 62, 65, 68–69. We do not find it an abuse of discretion for the trial court to grant a protective order under these circumstances; the Keeslings did not comply with T.R. 34, and requested that the non-parties copy and mail to the

---

**5.** The Keeslings argue these facts are established by the affidavit of Vivian Keesling. As we discuss below, these portions of the affidavit were properly excluded by the trial court, and are thus not before us.

Keeslings' attorney 12 years of documents relating to the Keeslings. A party wishing to obtain information from non-parties must put forth a little more effort in the discovery process than was done here.

Additionally, the trial court denied the protective order as to non-party Bose, McKinney & Evans, the law firm which took over all matters related to the LPCA matter in early 1983, and the Keeslings received substantial discovery from this source. The court also required the parties to meet and attempt to resolve remaining discovery issues. There is no indication that the Keeslings attempted to do so, and we find no abuse of discretion on the part of the trial court in granting protective orders with respect to the non-parties.

■ The Keeslings also contend the trial court abused its discretion in issuing a protective order stating that discovery be limited to the statute of limitations issue. Baker & Daniels requested this order pursuant to Ind. Trial Rule 26(C), which allows the trial court to limit the scope of discovery. As stated above, we review the trial court's decisions on discovery for an abuse of discretion. *Vibromatic, supra.*

We see no abuse of discretion in this order. The issue before the court on Baker & Daniels' motion for summary judgment was whether the Keeslings' claim was barred by the statute of limitations. The Keeslings argue on appeal that they were prevented by this order from obtaining information regarding their fraudulent concealment claim. This claim was intertwined with the statute of limitations defense, and the Keeslings certainly would have been able to obtain discovery relative to this defense. They make only a general allegation that they were unable to obtain information they desired; they state no incident of any particular discovery relating to fraudulent concealment which they

were prevented from receiving. There was no error.

## Objections

The Keeslings maintain the trial court erred in sustaining Baker & Daniels' objections to the deposition of Leroy Keesling and to portions of Vivian Keeslings' affidavit.

■ Baker & Daniels objected to the publication of the deposition of Leroy Keesling because Baker & Daniels had been unable to complete their cross-examination of Leroy Keesling.[6] The right to cross-examine witnesses under oath is a fundamental right, and cannot be denied. *Archem, Inc. v. Simo* (1990), Ind.App., 549 N.E.2d 1054, *trans. denied.* The right to effectively cross-examine witnesses can be waived, *id.;* however, there is no allegation that Baker & Daniels waived the right in this case. The Keeslings' argument on appeal is the objection should not have been sustained because Exhibit A, mentioned in Baker & Daniels' objection to the motion to publish, was not actually attached to the objection.[7] The Keeslings did not bring this fact before the trial court while the objection was pending. They did not respond to the objection in the trial court, and have not alleged on appeal that any statement in Baker & Daniels' objection was erroneous. The trial court did not err in sustaining Baker & Daniels' objection to the publication of the deposition.

■ Even if the deposition were properly admissible, the burden was on the Keeslings as the offering parties to demonstrate they were prejudiced as a result of the erroneous exclusion. *F.W. Woolworth Co., Inc. v. Anderson* (1984), Ind.App., 471 N.E.2d 1249, *trans. denied.* The Keeslings do not state there was anything in the deposition which would have defeated the motion for summary judgment. They allege only that there might have been some-

---

6. Keeslings' counsel stopped the deposition prior to its completion, and despite attempts to do so, Baker & Daniels was unable to complete the deposition prior to Leroy Keeslings' death, which occurred over a year after the deposition began.

7. Exhibit A referred to the allegation in the objection stating that when the deposition was stopped by the Keeslings' counsel, counsel for Baker & Daniels objected to the deposition being offered into evidence unless there was an opportunity to continue cross-examination.

thing in the deposition to create an issue of material fact. The Keeslings did not demonstrate prejudice, and there was no error in the trial court's sustaining of the objection.

The Keeslings contend the trial court also erred in granting Baker & Daniels' objection to portions of the affidavit of Vivian Keesling. On appeal, the Keeslings complain only about the striking of paragraphs seven, nine, ten, and eleven. The trial court did not strike paragraph seven, and there could be no error in this regard. The remaining paragraphs were struck because they conflicted with Vivian Keeslings' deposition testimony, and also because paragraph eleven assumed Baker & Daniels had the legal responsibility for handling the money when in fact and under the law this was the duty of the bankruptcy trustee. *See* 11 U.S.C.A. §§ 1105–1108 (West 1979 & Supp. 1991). A non-movant may not create issues of fact by pointing to affidavit testimony which contradicts the witness's sworn testimony in a prior deposition. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310. The trial court did not err in striking these portions of the affidavit.

In addition, even if we were to assume the trial court erroneously granted Baker & Daniels' objections to the portions of the affidavit, the result would not change. As we held above, the Keeslings did not file their action within a reasonable time after they became aware of the action, and their action is thus barred by the statute of limitations. The stricken testimony about which the Keeslings complain does not change the date of the Keeslings' knowledge of the claim. They admit they gained the knowledge in the fall of 1985, and the affidavit testimony did not attempt to refute this. There was no reversible error in the trial court's striking of portions of the affidavit.

There are no genuine issues of material fact, and Baker & Daniels is entitled to judgment as a matter of law. Summary judgment was appropriately granted in their favor.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.