**Maurice HUDGINS, Appellant–
Plaintiff Below,**

**v.**

**Joseph McATEE, Sheriff and Unknown
Female Correction Officers of Marion
County Sheriff's Department, Appel-
lees–Defendants Below.**

No. 49A02–9109–CV–406.[1]

Court of Appeals of Indiana,
Third District.

July 29, 1992.

---

1. This case was diverted to this office by order of the Chief Judge.

Maurice L. Hudgins, appellant pro se.

Barbara Malone, City–County Legal Div., Indianapolis, for appellees.

STATON, Judge.

Maurice Hudgins appeals the dismissal of his claim for deliberate indifference to personal safety filed against Sheriff Joseph McAtee and unnamed correction officers (McAtee) under the Tort Claims Act, IND. CODE 34–4–16.5–1, *et seq.* (1988). Hudgins alleges receiving personal injuries while he was incarcerated at the Marion County Jail. He raises the following four issues for our consideration, restated as:

I. Whether the trial court erroneously dismissed his lawsuit for failure to state a claim upon which relief can be granted.

II. Whether the trial judge abused her discretion during the discovery stage of the proceeding.

III. Whether Hudgins was denied his constitutional right to due course of law.

IV. Whether Hudgins was denied his constitutional right of access to the courts of this state.

Additionally, McAtee urges this court to dismiss the appeal, arguing that there is no final appealable order from which an appeal may be taken.

Reversed and remanded.

We first address McAtee's argument that this court is without jurisdiction to entertain this appeal because the trial court's grant of the motion to dismiss was not a final judgment. McAtee relies primarily on *Constantine v. City–County Council of Marion County* (1977), 267 Ind. 279, 369 N.E.2d 636, where our supreme court dismissed an appeal from the trial court's grant of a motion to dismiss. The court in *Constantine* dismissed the case because the trial court did not enter final judgment on the dismissal. The trial court in that case merely stated: "Defendant's motion to dismiss granted." *Id.* However, in this case, the trial court dismissed the defendants from the lawsuit, stating:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendants, Joseph A. McAtee, Marion County Sheriff, and Correctional Officers (females, names unknown) are hereby dismissed from this action.

Record, p. 160. It is clear that the trial court in this case adjudicated the dismissal of the defendants from the action. *See Parrett v. Lebamoff* (1979), 179 Ind.App. 25, 383 N.E.2d 1107. *See also Haste v.*

*Indianapolis Power & Light Co.* (1978), 178 Ind.App. 394, 382 N.E.2d 989 n. 1, *trans. denied.*

Moreover, courts in Indiana have found that the dismissal of a party from a lawsuit filed under the Tort Claims Act is a final appealable order. For instance, our supreme court in *Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887, found that the trial court order sustaining the dismissal of a plaintiff's lawsuit against a governmental entity "was a 'judgment' both final and appealable; it left nothing for resolution between the parties." *Id.* at 889. *See also Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, *trans. denied.* The dismissal in this case likewise leaves nothing for the trial court to resolve. We conclude that the trial court entered judgment in this case, and accordingly, we will address the merits of this appeal.

## I.

### *Motion to Dismiss*

 Hudgins first argues that the trial court erred by granting the motion to dismiss. In determining whether a complaint should be dismissed for failure to state a claim, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274. In the order granting McAtee's motion to dismiss, the trial court concluded:

1. Ind.Code § 34-4-16.5-3(7) provides a governmental employee or agency acting in the scope of its employment is immune from liability if the loss alleged resulted from the enforcement of a law.

2. Pursuant to Ind.Code § 36-2-15-5(a)(7) the Sheriff has a duty to care for those imprisoned in the county jail. Said duty has been held to be "enforcement of the law", and therefore, while acting under said duty, immunity applies to the Sheriff and his employees. See *Sauders v. County of Steuben*, 564 N.E.2d 948 (Ind.App. 3 Dist.1991), *Tittle v. Mahan*, 566 N.E.2d 1064 (Ind.App. 3 Dist.1991).

3. Since the Plaintiff's complaint alleges the negligent acts of the defendants [who] had a duty to care for him in and a duty to enforce the law by said imprisonment, the defendants are immune from liability pursuant to the Indiana Tort Claims Act. Even if everything in Plaintiff's Complaint were proven to be true, the defendants cannot be held liable under the facts alleged.

Record, p. 159. While this may have been a correct statement of the law at the time, our supreme court has recently interpreted the "enforcement of the law" exception of the Tort Claims Act as limiting immunity to "those activities attendant to effecting the arrest of those who may have broken the law." *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 801. The court specifically concluded that the law enforcement exception, IC 34-4-16.5-3(7), does not extend to activities associated with the administration of detainees at a county jail. *Id.* Because McAtee was engaged in the activity of administrating detainees, including Hudgins, in the county jail, he is not immune from liability under the Tort Claims Act. Therefore, we reverse and remand this case with instructions to reinstate Hudgins' complaint.

## II.

### *Discovery*

Hudgins argues the trial court abused its discretion in ruling on a number of pre-trial motions pertaining to discovery. In September of 1990, McAtee secured an extension of time to answer interrogatories and produce documents requested by Hudgins. However, McAtee did not provide the requested answers and documents. On June 20, 1991, Special Judge Cynthia Emkes issued orders on all matters pending in the case, and ordered McAtee to answer Hudgins' interrogatories and produce documents by July 15, 1991. McAtee did not respond until July 16, 1991, when defendants requested until August 15, 1991 to respond to the discovery requests (averring that no prior enlargements had been requested). One week later, on July 24, 1991, McAtee filed the motion to dismiss.

Hudgins then filed an objection to the enlargement request, and moved for sanctions. The trial court granted McAtee's request for an extension of time in which to answer Hudgins' interrogatories, and denied (by phone) Hudgins' motions. At the hearing on the motion to dismiss, the trial judge granted McAtee a further extension of time in which to complete discovery, though no formal request had been made. During the hearing, the trial court denied Hudgins' request for a continuance. Hudgins claims that the trial court erred by denying his motion for sanctions and a continuance, by overruling his objection to defendants' request for an extension of time, and by granting defendants' motion.

■ The grant or denial of motions for discovery, motions for sanctions, and motions for a continuance rests in the sound discretion of the trial court, and will be reversed only for an abuse of that discretion. *Keesling v. Baker & Daniels* (1991), Ind.App., 571 N.E.2d 562, 566, *trans. denied* (discovery); *Nesses v. Specialty Connectors Co., Inc.* (1990), Ind.App., 564 N.E.2d 322, 327 (sanctions); *Danner v. Danner* (1991), Ind.App., 573 N.E.2d 934, 937, *trans. denied* (continuance). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts of the case. *Terre Haute Regional Hospital, Inc. v. Trueblood* (1991), Ind.App., 579 N.E.2d 1342, 1345, *reh'g denied.*

■ We do not believe that the special judge abused her discretion in extending the time in which McAtee could respond to the discovery requests for two reasons. First, the facts known to Judge Emkes, as indicated by the averment on McAtee's motion for enlargement of time, indicated that this was the first such motion. Though McAtee had in fact filed an earlier motion, it was filed before another judge. Second, the special judge indicated that it was likely the motion to dismiss would be granted, in which case the need for compliance with the discovery request would have been obviated.

We also conclude that there was no abuse of discretion in denying Hudgins' request for sanctions. Though sanctions may have been appropriate, they are not mandated under Ind.Trial Rule 37. However, because we reverse and remand, and because the defendants have now had a total of four extensions of time, the special judge will have an opportunity to fashion an appropriate order to insure completion of discovery.

■ An abuse of discretion will be found in the denial of a motion for a continuance when the movant has shown good cause for granting the motion. T.R. 53.5; *Fetner v. Maury Boyd & Associates, Inc.* (1990), Ind.App., 563 N.E.2d 1334, 1338, *trans. denied.* However, no abuse of discretion will be found when the movant is not prejudiced by the denial of the motion. *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 313. Hudgins did not demonstrate good cause or prejudice. He requested that the hearing be continued "until I can adequately prepare my response to anything that the defendant has stated today." Record, p. 192. Hudgins had well over one month's notice of the date and purpose of the hearing on the motion to dismiss. Moreover, because we reverse the dismissal of his case, Hudgins has not been prejudiced by the denial of his motion for a continuance from the dismissal hearing.

### III.

### *Due Course of Law*

■ As his third allegation of error, Hudgins contends that he was denied the rights guaranteed by the Indiana Constitution, art. I, § 12, which states:

All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by *due course of law.* Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay.

(Emphasis added). This "due course of law" requirement is analogous to the due process clause of the fourteenth amendment to the United States Constitution. *Scalf v. Berkel, Inc.* (1983), Ind.App., 448 N.E.2d 1201, 1203, *trans. denied.*

As far as we can determine from his appellate brief, Hudgins' argument runs something like this: Hudgins sued McAtee and unnamed correction officers. Determining the names of unknown parties must be done in the discovery process. The court prevented Hudgins from determining the identity of the unnamed parties through discovery. Because Hudgins could not learn the identity of the unnamed individuals, he could not adequately prepare for the hearing on McAtee's motion to dismiss. Therefore, Hudgins was denied due course of law.

Though we cannot be certain of his logic, we can say with certainty that it was not necessary for Hudgins to learn the identity of the unknown individuals in order for him to prepare for the hearing on the motion to dismiss. As the special judge found (given the law regarding governmental immunity in effect at the time), Hudgins stated no claim upon which relief could have been granted. Furthermore, Hudgins bases his statement that the names of the unknown parties could only be supplied through discovery on a mistaken reading of T.R. 17(F), which reads:

> When the name or existence of a person is unknown, he may be named as an unknown party, and when his true name is discovered his name may be inserted by amendment at any time.

The mere fact that T.R. 17(F) refers to a name then "discovered" does not mean that the name has to be provided in discovery, as indicated by the statement that the newly discovered name may be inserted at "any time."

Furthermore, as determined above, Hudgins had notice of the hearing and an opportunity to be heard on the issue of governmental immunity. Had he chosen to, he could have argued that governmental immunity did not attach because the as-yet unnamed individuals did not occupy positions entitling them to such protection (a position he alludes to in his brief). If his argument was successful, he could have later amended his complaint to insert the names of the heretofore unknown persons. If unsuccessful, then dismissal would have been appropriate on the law before the court at the time. *See* Issue I, *supra.*

Finally, inasmuch as Hudgins is entitled to proceed with his action by virtue of our reversal, no prejudice has been demonstrated. Hudgins was not denied due course of law in this case.

## IV.

### *Access to Courts*

For his final allegation of error, Hudgins contends that certain actions of the trial court clerk denied him access to the court in violation of the Indiana Constitution, art. I, § 12, *supra,* which states in part that "All courts shall be open[.]" Hudgins claims error based on an incident in which he filed a praecipe for withdrawing submission of a cause and appointment of special judge under T.R. 53.1. However, according to Hudgins' own appellate brief, this error has been corrected by writ of mandamus from our supreme court, and we will not address it further.

Hudgins also claims that several filings were "deliberately delayed" by the trial court clerk, but he fails to offer more than the conclusory statements in his appellate brief in support of his argument.

Lastly, Hudgins contends that the clerk attempted "legal sabotage" by assigning a cause number from a dismissed case (Hudgins' first lawsuit), to the present action. This error was corrected by the trial court, and Hudgins was not prejudiced by the mistake.

Reversed and remanded.

HOFFMAN and SHIELDS, JJ., concur.