Charles W. BREEDEN, Appellant–Respondent,

v.

Gail BREEDEN, Appellee–Petitioner.

No. 92A03–9605–CV–175.

Court of Appeals of Indiana.

April 11, 1997.

**424**

Thomas A. Swihart, Fort Wayne, for Appellant.

Donald J. Frew, Blume, Connelly, Jordan, Stuck & Ulmer, Fort Wayne, for Appellee.

## OPINION

STATON, Judge

Charles W. Breeden appeals the trial court's judgment dissolving his marriage to Gail Breeden. He presents three issues for our review which we restate as follows:

I. Whether the portion of Charles' pension accumulated during the marriage of the parties was properly valued.

II. Whether the trial court erred in quashing a subpoena directed to Gail's employer.

III. Whether the presumption of an equal distribution of property between the parties was sufficiently rebutted.

We affirm in part, reverse in part and remand.

The facts most favorable to the judgment reveal that Charles and Gail were married in 1985 and divorced in 1989. The parties subsequently remarried on December 26, 1990. Gail filed a petition to dissolve the second marriage on October 22, 1993. During the marriage, Charles was employed as an electrician and invested in two pension plans through his union. The parties brought various assets to the second marriage including Charles' pension investments and several rental properties.

In its dissolution order, the trial court awarded Charles the amount of his pension plan accumulated prior to the second marriage and the rental properties. Gail was awarded her premarital assets. In dividing the assets accumulated during the marriage, the trial court awarded $38,656 worth of assets to Charles and $18,551 worth of assets to Gail. However, the trial court determined that due to the disparity in the parties' economic circumstances and earning potential, the presumption of an equal division of property was rebutted and Gail should receive 60% of the value of the assets. To reach such a division, Charles was ordered to pay Gail $15,773. This appeal ensued.

### I.

*Division of Pension Plan*

Charles first alleges that the trial court's findings are clearly erroneous be-

cause the trial court erred in calculating the amount of the pension plan accumulated during the marriage. We note at the outset that the trial court entered findings of fact and conclusions. When a party has requested specific findings of fact and conclusions thereon pursuant to Ind. Trial Rule 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commissioners v. Rittenhouse*, 575 N.E.2d 663, 665 (Ind.Ct.App.1991), *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan,* 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

■ Here, the record does not reflect a request for such findings by either party. Instead the trial court entered the specific findings of fact and conclusions *sua sponte.* However, the same standard of review applies when the trial court gratuitously enters specific findings of fact and conclusions, with one notable exception. When the trial court enters such findings *sua sponte,* the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis,* 575

N.E.2d 650, 652 (Ind.Ct.App.1991). We may affirm a general judgment on any theory supported by the evidence adduced at trial. *Id.*

In a dissolution action, the trial court has broad discretion in determining the value of property, and its valuation will only be disturbed for an abuse of that discretion. *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996). So long as there is sufficient evidence and reasonable inferences to support the valuation, an abuse of discretion does not occur. *Id.* We will not weigh the evidence and will only consider the evidence in the light most favorable to the judgment. *Id.*

■ Here, the trial court awarded the premarital portion of the pensions to Charles and included the amount of the pensions accrued during the marriage in the marital pot. At the final hearing, Gail introduced into evidence a letter from the administrator of the pension plan in dispute concerning its value. The values are as follows:

| | | |
|---|---|---|
| 6/1/89 | $ 6,054.25 | |
| 5/31/90 | $ 7,492.44 | (increase of $1,438.19) |
| 5/31/91 | $10,652.46 | (increase of $3,160.02) |
| 5/31/92 | $14,314.43 | (increase of $3,661.97) |
| 5/31/93 | $15,810.20 | (increase of $1,495.77) |
| 5/31/94 | $20,334.82 | (increase of $4,524.62) |

Record at 451. The parties were married on December 26, 1990, and separated on October 22, 1993. Because the valuation dates contained in the letter do not correspond exactly to those dates, the trial court was not able to simply use the values contained in the letter, but rather had to adjust those values to reflect the actual dates of the marriage.[1] The amounts of the pension which accumulated during the marriage are as follows:

| | | | |
|---|---|---|---|
| 12/26/90–5/31/91 | 5/12 × $3,160.02 | = | $1,316.68 |
| 6/1/91–5/31/92 | 12/12 × 3,661.97 | = | 3,661.97 |
| 6/1/92–5/31/93 | 12/12 × 1495.77 | = | 1,495.77 |
| 6/1/93–10/22/93 | 5/12 × 4,524.62 | = | 1,885.26 |
| | | | $8,359.68 |

Thus, the evidence supports a trial court valuation of as high as $8,359.68. The trial

---

1. Charles argues that the trial court should have used the dates of May 31, 1991, and May 31, 1992 to determine the value because Gail waived any right to the value acquired before and after those dates. He cites to Gail's testimony that she "could live with those values" and she "wasn't concerned about the exact numbers" to support this argument. However, a valid waiver is a voluntary and intentional relinquishment of a known right. *Lake County v. State ex rel. Manich,* 631 N.E.2d 529, 533 (Ind.Ct.App.1994), *reh. denied.* Gail's statements do not satisfy this definition.

court valued the pension accumulated during the marriage at $9,756.00. Accordingly, we conclude that the evidence does not support the trial court's finding concerning the value of the pension accumulated during the marriage.[2] We remand this cause to the trial court for a correct valuation of the pension plan and entry of a new judgment reflecting the proper values.

## II.

### Discovery

Next, Charles argues that the trial court erred in quashing a subpoena *duces tecum* served upon Dust Doctors. Aline Horton, the owner of Dust Doctors, moved to quash the subpoena on the grounds that it was unduly burdensome and the information sought to be discovered was not relevant to the issues before the court. The trial court entered an order quashing the subpoena. The grant or denial of motions for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Keesling v. Baker & Daniels,* 571 N.E.2d 562, 566 (Ind.Ct.App.1991), *trans. denied.* An abuse of discretion will not be found unless the decision is clearly against the logic and effect of the facts and circumstances before the court. *Hudgins v. McAtee,* 596 N.E.2d 286, 289 (Ind.Ct.App.1992). The scope of discovery is highly dependent upon the facts and circumstances of each case. *Keesling, supra,* at 566. The trial court can deny a discovery request when it determines that information sufficient to prepare the case has already been exchanged or when the information sought has already been provided through prior discovery. *Coster v. Coster,* 452 N.E.2d 397, 400 (Ind.Ct. App.1983). Because of the fact-sensitive nature of discovery issues, the trial court's decisions are clothed with a presumption of correctness on appeal. *Lucas v. Dorsey Corp.,*

609 N.E.2d 1191, 1197 (Ind.Ct.App.1993), *trans. denied.*

Here, Charles' discovery request to Dust Doctors was the second request made by him. He was trying to obtain information to show that Gail was not merely an independent contractor working for Dust Doctors, but actually an owner of the company. In the first request, he attempted to subpoena all records and advertisements of Dust Doctors. Aline Horton resisted that subpoena and the trial court issued an order requiring her to only provide Gail's tax documents and advertising calendars for the business. In his second subpoena, he requested receipts for business purchases and documents pertaining to reimbursements Gail received for purchases for Dust Doctors. When Aline Horton resisted this subpoena, the trial court entered an order quashing the subpoena in its entirety. The information received by Charles from the first discovery request, including copies of Gail's 1099s, had established that Gail was an independent contractor, not an owner of Dust Doctors. Under the facts of this case, it is entirely reasonable for the trial court to refuse to give Charles another chance for a fishing expedition into Dust Doctor's business records. It could instead determine that the information which Charles sought, whether Gail was an owner or independent contractor, had already been provided. *Coster, supra,* at 400. The trial court's decision is not clearly against the logic and effect of the facts of the case. *Hudgins, supra,* at 289. Accordingly, we conclude that it did not abuse its discretion when it denied Charles' discovery request.

## III.

### Division of Marital Estate

Finally, Charles argues that the trial court erred in awarding Gail 60% of the marital estate. IND. CODE § 31–1–11.5–11 (1993)

---

**2.** Gail argues that the trial court's valuation was not erroneous because it was within the trial court's discretion to include the portion of the pension accumulated during the marriage in the marital pot for division between the parties. However, the issue is not whether the pension is included in the marital pot because it is. *See Lulay v. Lulay,* 591 N.E.2d 154, 155 (Ind.Ct.App. 1992). However, the trial court may, in its dis-

cretion, set aside a portion of the pension to the extent it was accumulated prior to the marriage. *Id.* Here, the trial court specifically awarded the portion of the pension accumulated prior to the marriage to Charles. Thus, the issue before this court is whether the value of the pension accumulated during the marriage was properly calculated.

governs the disposition of marital assets in a dissolution proceeding. The court shall presume that an equal division of the property between the parties is just and reasonable, absent rebuttal. I.C. 31–1–11.5–11(c). Charles contends that the evidence does not support a deviation from this presumption.

■ The distribution of marital assets is committed to the sound discretion of the trial court. *Snemis, supra,* at 653. We will only reverse the trial court's decision when it is clearly against the logic and effect of the facts and circumstances before the court. *Id.* On appeal, we will not reweigh the evidence nor judge the credibility of the witnesses. *Id.* Instead, we will only consider the evidence most favorable to the trial court's judgment and the reasonable inferences to be drawn therefrom. *Id.*

■ Turning to the facts of this case, the evidence reveals that Charles earns over $800 per week while Gail only earns $260. Charles argues that Gail has not presented an accurate view of her financial situation because she earns additional money as an owner of Dust Doctors. However, this is simply an invitation to reweigh the evidence which we will not do. *Id.* Instead, the evidence favorable to the trial court's distribution of property shows that Gail works for Dust Doctors as an independent contractor. This evidence includes Gail's testimony and her tax documents. Because the evidence supports the trial court's determination concerning Gail's financial status, the trial court's finding is not clearly against the logic and effect of the facts and circumstances. *Id.* Accordingly, we conclude that the trial court did not abuse its discretion in finding that the presumption of an equal division of the marital estate was rebutted and awarding Gail 60% of the assets.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring.

I concur in part III and concur in result to parts I and II. Concerning the pension, the court determined that the husband's interest in the pension accumulated before October 26, 1990 should be awarded to him. No specific value was assigned to that award. The court had earlier found that the value of the pension accumulated during the marriage was $14,708. It then awarded husband's pension to him at that value, and included that value in the value of the total assets to which the court applied its 60% computation. I am unable to determine from the findings or the record how the court arrived at this figure if, as it stated, it awarded the husband the amount of pension accumulated before October 26, 1990. I agree the court on remand must set forth its valuations so that its order may be subject to review.