## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Hanson
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Linda Peters Chrzan
Chrzan Law, LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Frederick D. Petre, Jr.,

*Appellant-Respondent,*

v.

Valerie J. Petre,

*Appellee-Petitioner*

July 20, 2017

Court of Appeals Case No.
17A03-1612-DR-2719

Appeal from the DeKalb Superior Court

The Honorable Kim Van Valer, Senior Judge

Trial Court Cause No.
17D02-1601-DR-14

**Baker, Judge.**

[1] Frederick Petre, Jr. (Husband) and Valerie Petre (Wife) dissolved their marriage. Husband appeals the trial court's division and valuation of property, arguing that the trial court erred by including their marital residence in their marital assets and in its valuation of the same residence. Finding no error, we affirm.

# Facts

[2] Husband and Wife were married on February 17, 2007. Wife filed a petition for dissolution of marriage on January 19, 2016. Prior to their marriage, Husband's parents granted Husband a contingent interest in real estate located in Waterloo; his parents retained life estates in the property. Upon the death of his mother, which occurred during the marriage, Husband's contingent interest became a fee simple interest.

[3] At the time of the dissolution, the marital estate assets also included a 401(k) retirement account; a savings plan; three vehicles; and three small bank accounts. Their liabilities included four credit card accounts in Wife's name, four medical bills incurred by Wife, and two utility bills incurred during the marriage and paid by Wife.

[4] When the parties married, they lived in Wife's home in Ashley for approximately two years. Sometime in 2009, Husband, Wife, and Wife's two children moved in with Husband's mother in the Waterloo residence. Meanwhile, Wife rented out her home in Ashley, although the mortgage

payment exceeded the income generated and she lost the property in a bankruptcy action.

[5] Husband's mother and the Waterloo residence were in poor condition, and Wife and her children assisted in taking care of both. Wife cleaned the house and emptied the basement, garage, and shed of the belongings that Husband's parents had accumulated. She salvaged things of value; any money generated from the salvaging went to pay marital bills or was given to Husband.

[6] Husband and Wife paid for the property taxes and homeowner's insurance through their joint checking account. On one occasion, Wife's daughter paid the property taxes. The couple lived at the residence through the date of their separation.

[7] During their marriage, Wife earned $24,000 a year. She received $235 a week in child support. She became disabled and now receives $974 a month in Social Security. She does not currently work, and she does not have any retirement accounts. Wife paid for COBRA insurance, which cost $390 a month and largely paid for her three surgeries. Husband earned $44,000 a year before being laid off; after twelve months of unemployment, he now earns approximately $38,000 a year at a different job.

[8] During their dissolution of marriage proceedings, Wife requested sixty percent of the marital estate. Husband requested that the Waterloo residence be excluded from the marital estate because he had an interest in it on the date of their marriage. He asked that the remainder of the estate be divided equally.

[9] During their hearing, Wife testified that the Waterloo residence was worth $72,700, which was the value assessed by the county assessor in 2016. Husband agreed that the most recent tax assessed value of the residence was $72,700, but he testified that he requested a reassessment because the residence had decreased in value and that the appraisal conducted at the time the mortgage was taken out against it valued the residence at $50,000.

[10] The assessor's 2016 valuation included an increase in the value of the land of $7,400 between 2015 and 2016, and an increase in the value of the residence of $8,400 during the same time period. The trial court averaged the values of the residence from 2013 through 2016 and found the average value to be $58,700. The trial court added $7,400 to account for the increase in the value of the land. The trial court concluded that the value of the real estate was $66,100 and included it in the marital estate.

[11] The trial court divided the marital estate equally by allocating the Waterloo residence to Husband and a series of cash payments and transfers to Wife. The division stipulated that Wife would receive cash payments of $7,302.90 and a transfer by Qualified Domestic Relations Order in the amount of $42,602.79. Husband now appeals.

# Discussion and Decision

## I. Property Division

[12] Indiana Code section 31-15-7-4(a) provides that, in an action for dissolution of marriage, the court must divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

> (A) after the marriage; and

> (B) before final separation of the parties; or

(3) acquired by their joint efforts.

[13]  The court must presume that an equal division of the marital property between the parties is just and reasonable. Ind. Code § 31-15-7-5. This presumption may be rebutted by a party who presents relevant evidence that an equal division would not be just and reasonable through the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

> (2) The extent to which the property was acquired by each spouse:

>> (A) before the marriage; or

>> (B) through inheritance or gift.

> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

*Id.* The trial court has broad leeway when distributing marital property. *Breeden v. Breeden*, 678 N.E.2d 423, 427 (Ind. Ct. App. 1997). A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute. *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind. Ct. App. 1999).

[14] Indiana's "one pot" theory prohibits the exclusion of any asset in which a party has a vested interest from the scope of the trial court's power to divide and award. *Hann v. Hann*, 655 N.E.2d 566, 569 (Ind. Ct. App. 1995). Accordingly, the systematic exclusion of any marital asset from the marital pot is erroneous. *Wallace v. Wallace*, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999). However, although the trial court must include all assets in the marital pot, it may ultimately decide to award an asset solely to one spouse as part of its just and reasonable property division. *Coffey v. Coffey*, 649 N.E.2d 1074, 1077 (Ind. Ct. App. 1995); *see also* I.C. § 31-15-7-5 (providing that the trial court may consider as evidence to rebut the presumptive equal distribution "the extent to which the property was acquired by each spouse before the marriage").

[15]     Initially, we note that, even if Husband did acquire the Waterloo residence as a gift from his parents before his marriage, it must be included in the marital estate. *E.g.*, *Hann*, 655 N.E.2d at 569. Because Indiana is a one-pot state, all assets belonging to Husband and Wife are included in the estate. The trial court did not err in including the Waterloo residence in the marital estate.

[16]     Next, Husband contends that the trial court erred by not excluding the Waterloo residence from the division of property as permitted by Indiana Code section 31-15-7-5(2). Specifically, Husband argues that the residence should be wholly his and not considered in the equal division of the property.

[17]     The division of marital assets is left to the discretion of the trial court. *Breeden*, 678 N.E.2d at 427. Here, the trial court divided the assets equally, including the Waterloo residence, as permitted by statute. Although the trial court did not identify each factor in Indiana Code section 31-15-7-5 in its findings, its order indicates that it considered the factors when determining the division of the property. Regarding the first factor—the contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing—the trial court noted that both Husband and Wife maintained and improved the residence for a significant portion of their married life. Regarding the second factor, which considers how the property was acquired, the trial court noted that the residence came into Husband's possession during the marriage, and it ultimately awarded the residence to Husband. As for the third factor, regarding each spouse's economic circumstances, the trial court noted that Wife has no retirement savings. Although the trial court did not

specifically address the fourth factor about the conduct of the parties during the marriage as related to the disposition of their property, the testimony at the hearing from each party about how they spent money was vague and ambiguous. Husband could point to only one example of what he considered irresponsible spending—the purchase of a computer for Wife's daughter. The trial court also did not address the fifth factor, regarding the earnings or earnings ability of the parties, but we note that at the time of the dissolution, Husband was employed and earning a respectable income, while Wife was disabled and unable to work.

[18] The statutory factors, considered in their entirety, do not lead us to conclude that the trial court erred by including the Waterloo residence in the division of marital assets. Husband has not overcome the strong presumption that the trial court considered and complied with Indiana Code section 31-15-7-5 in equally dividing the assets.

## II. Property Valuation

[19] Husband next argues that the trial court erred in its valuation of the Waterloo residence because it relied on tax records and not on a full appraisal.

[20] We will affirm a trial court's valuation of marital assets as long as evidence is sufficient and reasonable inferences support the valuation. *Morey v. Morey*, 49 N.E.3d 1065, 1069 (Ind. Ct. App. 2016). We will not reweigh the evidence and will consider the evidence in the light most favorable to the judgment. *Id.*

Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

[21] The parties disputed the value of the residence, partly because the assessed value increased significantly from 2015 to 2016. At the hearing, Husband testified that the residence was valued at $50,000, based on a 2014 appraisal. Wife testified that the residence was valued at $72,700, based on a 2016 assessment by the county assessor. This number was based on a value of $21,700 for the land and $51,000 for the residence. To address this dispute, the trial court found as follows:

> Husband inherited a home at 360 S. Franklin Street in Waterloo, Indiana, the value of which is disputed in that the assessed value went up significantly from 2015 to 2016. Husband has filed a dispute as to the increased assessment. . . . With regard to the home's value, $7,400 of the increased assessment is attributed to the land independent of the structure. The average value of the structure over the years for which the assessed value was presented prior to the increase is $58,700. Because it is the condition of the home that is disputed between the parties, the Court finds a fair value to be the average structure value of previous years ($58,700) plus additional value attributed to the land alone ($7,400) making the value of the property $66,100.

Appealed Order p. 2.

[22] The trial court noted that the assessed value increased from 2015 to 2016, and that Husband disputed the increased assessment. The trial court averaged the value of the improvements for tax assessment years 2013 through 2016 to arrive at an average value of $58,700, and it added the increase in the value of the land

to arrive at a value of $66,100. This amount is close to the average of the two values to which Husband and Wife testified the property to be. There is no error when "the trial court's chosen valuation is within the values supported by the evidence." *Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005). Accordingly, we find that the trial court fairly took into consideration both parties' testimony about the property's valuation, and sufficient evidence and reasonable inferences support the valuation.

[23] We acknowledge that this division of assets presents Husband with a difficult financial situation. However, Husband's arguments against this division merely ask us to substitute our judgment for the trial court's, which we decline to do.

[24] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.