ATTORNEYS FOR APPELLANT

Autumn Dusk Halaschak
Indiana Dep't of Child Services, LaPorte County
Michigan City, Indiana

Robert Henke
Indiana Dep't of Child Services, Central Admin.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE LAPORTE CIRCUIT COURT

Nancy L. Gettinger, Magistrate
Michigan City, Indiana

ATTORNEY FOR APPELLEE LAPORTE COUNTY CASA

David. K. Payne
Braje, Nelson & James
Michigan City, Indiana



FILED
Apr 17 2009, 11:00 am
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 46S04-0904-JV-160

IN RE T.S., A CHILD IN NEED OF SERVICES

INDIANA DEPARTMENT OF CHILD SERVICES, LAPORTE COUNTY,    *Appellant,*

v.

LAPORTE CIRCUIT COURT, AND
LAPORTE COUNTY CASA    *Appellees.*

Expedited Appeal from the LaPorte Circuit Court, No. 46C01-0804-JC-48
The Honorable Thomas Alevizos, Judge
The Honorable Nancy L. Gettinger, Magistrate

On Transfer from the Indiana Court of Appeals, No. 46A04-0902-JV-78

**April 17, 2009**

**Dickson, Justice.**

To provide an orderly and expedited procedure for appellate review of certain juvenile court decisions about placement recommendations made by the Indiana Department of Child

Services ("DCS"), this Court promulgated Indiana Appellate Rule 14.1, which became effective January 1, 2009. Today's case presents the first appeal received under this new rule.

We hold that: (1) Rule 14.1 expedited appeals are available to the process of modifying dispositional decrees regarding child placement where a juvenile court does not follow DCS's recommendation, (2) the juvenile court must accept DCS's placement recommendations unless it finds by a preponderance of the evidence that the recommendation is "unreasonable" or "contrary to the welfare and best interests of the child," (3) a finding by the juvenile court that DCS's recommendation is unreasonable or contrary to the child's welfare and best interests is reviewed on appeal for clear error, and (4) the juvenile court's placement determination in this case was not clearly erroneous.

T.S., a child, was removed from his mother's care because of allegations of physical abuse, found to be a Child in Need of Services ("CHINS"), and placed with his half-brother, K.S., in the foster home of K.S.'s paternal grandparents. After several months, DCS requested that T.S. be reunited, but the LaPorte Circuit Court, exercising jurisdiction as a juvenile court, decided it would be contrary to T.S.'s best interests to follow DCS's recommendation and immediately return him to his mother's care. The juvenile court found that T.S. should remain with the foster parents until the end of the school year.

DCS appealed the juvenile court's decision pursuant to Appellate Rule 14.1, challenging the court's placement order and contending that its recommendations had been neither unreasonable, based on the facts and circumstances of the case, nor contrary to the welfare or best interests of the child. Both the juvenile court and the Court Appointed Special Advocate ("CASA") responded in support of the juvenile court's decision. The CASA also filed a motion in the Court of Appeals to dismiss the appeal on grounds that the juvenile court's decision was not within the category of rulings appealable under Appellate Rule 14.1. The Court of Appeals held that the juvenile court's ruling was subject to Appellate Rule 14.1 but found that the juvenile court "did not abuse its discretion in rejecting DCS's placement recommendation." In re T.S., 902 N.E.2d 332, 333 (Ind. Ct. App. 2009). DCS sought transfer, asserting that the Court of Appeals used the incorrect standard of appellate review. We granted transfer.

This expedited appeal of the juvenile court's determination thus presents this Court with three issues: (1) whether the juvenile court's order rejecting DCS's placement recommendation is eligible for expedited appeal under Rule 14.1, (2) what is the appropriate appellate standard of review applicable for such expedited appeals, and (3) whether the juvenile court properly rejected DCS's recommendation to immediately return T.S. to his mother's custody.

As to whether the juvenile court's decision was appealable under Rule 14.1, we agree with DCS and the Court of Appeals that it was. Rule 14.1 provides that orders entered under Indiana Code § 31-34-19-6.1(f) are eligible for expedited appeal. In this case, DCS requested that the juvenile court modify its earlier dispositional decree "by removing [T.S.] from his current foster placement and immediately returning him to Mother's care and custody." In re T.S., 902 N.E.2d at 334. Section 31-34-23-1(2)(C) gives DCS the authority to request such a modification, section 31-34-23-3(b) requires the juvenile court to hold a hearing on such request, and section 31-34-23-4 provides that section 31-34-19 "appl[ies] to the preparation and use of a modification report" and that DCS shall prepare a report in such a hearing. What may have originally begun as a periodic review became a modification hearing on the juvenile court's initial order of disposition.

Here, the juvenile court reached a result contrary to the DCS recommendations, made written findings, and concluded that it "is in [T.S.]'s best interest to remain in current relative/foster placement until the end of the 2008-2009 school year," and that "[t]o immediately remove him from this home at this time would be disruptive, counterproductive to the progress he has been making and not in his best interests." Appellant's App'x at 23 This was consistent with sections 31-34-19-6.1(d) and (e), which provide that the court shall enter its dispositional decree with written findings and conclusions and specifically state why it is not accepting DCS's final recommendations contained in DCS's supplemental report. Section 31-34-19-6.1(f), in turn, provides:

> If the juvenile court enters its findings and decree under subsections (d) and (e), the department *may appeal the juvenile court's decree under any available procedure provided by the Indiana Rules of Trial Procedure or the Indiana Rules of Appellate Procedure to allow any disputes arising under this section to be decided in an expeditious manner.*

3

Ind. Code § 31-34-19-6.1(f) (emphasis added). The juvenile court's placement order therefore constitutes a new dispositional decree, and DCS is thus appealing the juvenile court's placement order entered under § 31-34-19-6.1. Rule 14.1's clear language permits an expedited appeal in cases of disagreement between the juvenile court and DCS under this section.

We next consider the proper standard of review to be applied by appellate courts considering such expedited appeals. The function of the juvenile court in the underlying determination is specifically delineated by statute:

> The juvenile court shall accept each final recommendation of [DCS] . . . unless the juvenile court finds that a recommendation is:
>> (1) unreasonable, based on the facts and circumstances of the case; or
>> (2) contrary to the welfare and best interests of the child.

*Id.* § 31-34-19-6.1(d). But the parties disagree regarding the proper standard of appellate review when, as in this case, the juvenile court makes a determination under this statute that is contrary to the final DCS recommendation and DCS initiates an expedited appeal. DCS argues that

> the statute specifically provides the *applicable standard of review*: the trial court is to accept DCS's recommendations, *unless* they are *unreasonable* or *contrary to the welfare and best interests* of the child. The statute *presumes* DCS's recommendations are correct. Accordingly, on review, deference must be given DCS, and the onus is upon the trial court to show why DCS's recommendations are unreasonable or contrary to the child's welfare and best interests. Given deference to the trial court while on review abrogates the clear intent of the statute.

DCS Pet. to Transfer from Ind. App. R. 14.1 Expedited Appeal at 1.

We agree with the DCS as to the statute's operation at the trial court level, but find that appellate review is guided by existing standards. The statute makes clear that the juvenile court is to accept DCS's recommendations unless the court finds that they are "unreasonable, based on the facts and circumstances of the case," or "contrary to the welfare and best interests of the child." Ind. Code § 31-34-19-6.1(d). And the statute requires, in the event "the juvenile court does not accept one (1) or more of [DCS's] final recommendations," that the court enter "written findings and conclusions" and "specifically state why the juvenile court is not accepting the final recommendations." *Id.* § 31-34-19-6.1(e). Indiana Code § 31-34-12-3 provides that any finding

4

by a juvenile court (unrelated to termination of parental rights or child delinquency) must be based on a preponderance of the evidence.

We thus agree with DCS that the statute creates in the juvenile court a presumption of correctness for the DCS final recommendations, relieving DCS of the burden of initially coming forward with evidence to support its findings and requiring that any resulting decision contrary to the DCS recommendation must be supported by a preponderance of the evidence. Because of the statutory presumption favoring DCS's final recommendations, juvenile courts thus lack unfettered discretion to make a contrary decision.

But once the juvenile court has appropriately considered the DCS recommendations in light of the relevant evidence and reached a contrary conclusion, the appellate function is governed by Indiana Trial Rule 52, which states that "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. T.R. 52(A). As acknowledged by DCS,[1] this review is implemented on appeal by a two-tiered analysis, considering first whether the evidence supports the findings and then whether the findings support the judgment. *See* Bester v. Lake County Office of Family and Children, 839 N.E.2d 143, 147 (Ind. 2005) (applying this standard to the termination of parental rights). Findings are clearly erroneous when there are no facts or inferences drawn therefrom that support them. Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if the findings do not support the trial court's conclusions or the conclusions do not support the resulting judgment. *Id.* The appellate court should not reweigh the evidence or judge the credibility of witnesses, but should view the evidence and its reasonable inferences most favorably to the judgment. Dunson v. Dunson, 769 N.E.2d 1120, 1123 (Ind. 2002). It is thus more apt to describe appellate review of determinations under this statute as applying "clearly erroneous" rather than "abuse of discretion" as the operative standard.

With regard to the DCS's challenge to the juvenile court's decision in this case, we must thus evaluate whether the court's departure from the final DCS recommendation was clearly er-

---

[1] Appellant's Br. at 1

roneous. To support its appellate claim, DCS argues the juvenile court's decision to allow T.S. "to remain in foster care until the end of the school year is not in his best interest and was clearly erroneous as it was not based on the facts and circumstances before the court." Appellant's Br. at 2. DCS emphasizes evidence tending to support its recommendation and minimizes evidence supporting the juvenile court's decision. It does not, however, identify any of the juvenile court's individual written findings as lacking in supporting evidence. The essential thrust of DCS's appellate contention, as seen in its concluding summary, is that "the trial court has not shown" that DCS's recommendations were unreasonable or contrary to the welfare and best interest of the child. *Id.* at 8.

The juvenile court expressly concluded that DCS's recommendations are "contrary to the welfare and best interests of the child and are unreasonable based on the facts and circumstances" and then supported this conclusion with specific factual findings. Appellant's App'x at 22-23. The juvenile court discussed the evidence of T.S.'s relationship with his mother, his school performance, his relationship with his foster parent, his personal wishes, the history of physical abuse to T.S. from his mother, the mother's prior substance abuse, the mother's more recent intensive substance abuse treatment, and the advantages of waiting until the end of the current school year to begin reunification with his mother. *Id.* DCS has not established or asserted that any of the juvenile court's specific factual findings are unsupported by any facts or inferences. Nor has DCS shown that the findings fail to support the juvenile court's determination contrary to the DCS recommendations. We decline to find that the juvenile court's determination was clearly erroneous.

We affirm the juvenile court.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

6