907 N.E.2d 582 (2009)
In the Matter of D.M., A Delinquent Child.
Indiana Department of Child Services, Appellant,
v.
Lake Superior Court, Juvenile Division, Appellee.
No. 45A05-0905-JV-239.
Court of Appeals of Indiana.
June 10, 2009.
Robert J. Henke, Indianapolis, IN, Attorney for Appellant.
Elizabeth G. Tegarden, Crown Point, IN, Attorney for Appellee.

OPINION
BARNES, Judge.

Case Summary
Indiana Department of Child Services, ("IDCS"), by counsel, seeks expedited review, pursuant to Indiana Appellate Rule 14.1, of the Lake Superior Court's ("trial court") modified dispositional order placing D.M., a juvenile adjudicated to be a delinquent, in an out-of-state shelter care facility against the recommendations of IDCS. We affirm.

Facts
In June 2007, thirteen-year-old D.M. was arrested for stealing a car. On July 31, 2007, D.M. entered a plea on the auto theft charge, a class D felony when committed *583 by an adult. The trial court accepted the plea agreement and adjudicated D.M. a delinquent. The trial court then proceeded to disposition. D.M. was made a ward of the State and was placed on Intensive Probation. D.M. was also directed to participate in a day treatment program in order to meet his educational needs.
D.M. immediately began violating the terms of his probation. He initially refused to attend school at the Campagna Academy, and when D.M. did attend, his attitude was poor, he continuously lied to and challenged staff, he was disruptive in class, he would get in physical altercations with other juveniles, and he admitted to using marijuana on a daily basis.
Due to D.M.'s numerous behavioral problems and non-compliance with the terms of his probation, in September 2007, the Probation Department filed a petition seeking revocation of D.M.'s Intensive Probation and requesting that an alternative disposition be imposed. In December 2007, the trial court modified its previous dispositional order by removing D.M. from Intensive Probation and placing him on Official Probation. D.M. was also ordered placed at Gibault, Inc. ("Gibault"), a residential treatment facility in Terre Haute, Indiana.
During the year D.M. received services and resided at Gibault, his negative attitude and behavior did not improve, and he remained uncooperative with staff. Consequently, on or about December 12, 2008, staff from Gibault requested that D.M. be discharged from its program as unsuccessful. A second petition for modification of probation was subsequently filed.
On April 20, 2009, IDCS submitted to the trial court a Consideration Report recommending that D.M. be placed at Youth Opportunity Center, a residential facility in Muncie, Indiana. IDCS's report was made in response to the Probation Officer Hearing Report, submitted to the trial court on or about April 17, 2009, wherein D.M.'s probation officer changed his initial recommendation that D.M. be committed to the Department of Correction, to a recommendation that D.M. be placed at Silver State Academy ("Silver State"), a residential treatment facility in Nevada.
A hearing on the modification petition was held on April 21, 2009. At the conclusion of the hearing, the trial court determined (1) that IDCS's placement recommendation was unreasonable in light of the facts and circumstances of the case and (2) that D.M.'s interests would be best served by a placement at Silver State as recommended by his probation officer. The court therefore issued an order modifying its prior dispositional order and placing D.M. at Silver State on the same day. The trial court's new dispositional order further provided that IDCS "may submit to this court within three business days after receipt of this order a [IDCS] report stating its concurrence [with] the placement or any recommendation for an alternative placement." Appellant's App. p. 23.
On April 23, 2009, the IDCS submitted a second Consideration Report re-asserting its prior recommendation, that D.M. be placed either at Youth Opportunity Center, or that he be placed in one of several other Indiana residential facilities. The trial court did not thereafter modify its dispositional order, and IDCS timely filed a Notice of Expedited Appeal, pursuant to Indiana Appellate Rule 14.1, from the April 21, 2009 order. This expedited interlocutory appeal ensued.

Analysis
Indiana Appellate Rule 14.1, which became effective on January 1, 2009, provides IDCS with an avenue for expedited interlocutory review of trial court orders *584 for services and out-of-home placements in child in need of services ("CHINS") and in juvenile delinquency cases where such orders are made contrary to IDCS's recommendations to the court. This rule specifically limits expedited appellate review, however, to appeals taken pursuant to Indiana Code Sections 31-34-4-7(f) and 31-34-19-6.1 (CHINS cases) and Indiana Code Sections 31-37-5-8(g) and 31-37-18-9(d) (delinquency cases).
Our Supreme Court has recently commented upon the appropriate standard of review to be applied in 14.1 Expedited Appeals as follows:
[O]nce the juvenile court has appropriately considered the [IDCS] recommendations in light of the relevant evidence and reached a contrary conclusion, the appellate function is governed by Indiana Trial Rule 52, which states that `the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.'
In re T.S., No. 46S04-0904-JV-160, 2009 WL 1058147, at *5 (Ind. April 17, 2009) (citing Indiana Trial Rule 52(A)). Thus, our review is implemented by a two-tiered analysis, considering first whether the evidence supports the findings and, second, whether the findings support the judgment. Id.; see also Bester v. Lake County Office of Family & Children, 839 N.E.2d 143, 147 (Ind.2005) (applying this standard to the termination of parental rights).
A finding is clearly erroneous when there are no facts or inferences drawn therefrom that support it. In re D.D., 804 N.E.2d 258, 265 (Ind.Ct.App. 2004), trans. denied. A judgment is clearly erroneous only if the findings do not support the trial court's conclusions or the conclusions do not support the judgment. Bester, 839 N.E.2d at 147. Thus, if the evidence and inferences therefrom support the trial court's decision, we must affirm. In re L.S., 717 N.E.2d 204, 208 (Ind.Ct. App.1999), trans. denied.
In the present case, after considering the recommendations from both IPCS and the Probation Department, the trial court reached a decision concerning D.M.'s placement that was contrary to IPCS's recommendation. It therefore issued an order containing written findings and conclusions, including a finding that IPCS's recommendations were "unreasonable based on the facts and circumstances of the case, and/or are contrary to the welfare or the best interests of the child[.]" Appellant's App. p. 23. This was consistent with Indiana Code Section 31-37-18-9(b) which provides that if IPCS does not concur with the probation officer's recommendation, and the trial court does not follow IPCS's alternative recommendation, the trial court shall accompany its dispositional decree with written findings that IDCS's recommendations are "unreasonable" based on the circumstances of the case or that they are "contrary to the welfare and best interests of the child." See id. Moreover, because the trial court's placement is both contrary to IDCS's recommendation and is an out-of-state placement, Indiana Code Section § 31-37-19-3 is also implicated.
Indiana Code Section 31-37-19-3 provides, in pertinent part, that a trial court may not place a delinquent child in a home or facility that is not a secure detention facility and is located outside Indiana unless the court makes written findings, based on clear and convincing evidence, that the "out-of-state placement is appropriate because there is not a comparable facility with adequate services located in Indiana...." Ind.Code § 31-37-19-3(b)(2)(A). In arriving at its decision to follow the Probation Department's recommendation *585 and to place D.M. at Silver State, the trial court made the following pertinent findings:
[D.M.] was placed at Gibault Residential Facility which he failed to complete for serious behavioral issues.
[D.M.] needs intensive services that [are] offered at Silver State.
* * *
The Court finds the vocational, educational[,] and athletic [services] better suit [D.M.].
The Court finds the per [diem] is less than the Youth Opportunity Center.
The Mother and Counsel requests (sic) placement at Silver State. Mother will be able to participate in treatment through the satellite program that is offered through Silver State.
The Court finds the facility has continued family therapy through satellite continuing even when [D.M.] returns home for complete success and progress.
The Court finds by clear and convincing evidence that out[-]of[-] state placement in a facility that is not a secure detention facility is appropriate because: There is not a comparable facility with adequate services in Indiana, because [t]he facility offers vocational, educational and athletic services more compatible to meet [D.M.'s] needs. The facility offers family counseling through satellite conferences which is needed for success and progress of [D.M.].

* * *
The parent ... needs to participate in a plan for care and treatment of [D.M.] Appellant's App. p. 23. Clear and convincing evidence supports the trial court's findings.
During the April 21, 2009 modification hearing, D.M.'s probation officer, Kevin Elkins, testified that he felt that the alternative placement recommendation by IDCS at Youth Opportunity Center was not a comparable placement to Silver State. In so doing, Elkins explained:
They don't offer the vocational training. They also don't offer the ... athletic training that they offer at Silver State. Uhm, one of [IDCS's] arguments was that [Youth Opportunity Center] is closer and that the family could be more involved. I disagree. [D.M.'s] parents have difficulty making it to Gibault which is in Terre Haute. A similar distance [to] Muncie. [Silver State] will provide therapy at the Merriville office through video therapy. They also provide four trips for the family out to the facility per each calendar year.
Appellant's App. pp. 6-7. Elkins further informed the trial court that he had called the Youth Opportunity Center and learned that the per diem charge for the recommended program there was one hundred and ninety dollars, but that the fee at Silver State was one-hundred and fifty one dollars per day.
Similarly, D.M. and his mother both testified that they preferred Silver State. Mother further informed the court that she felt the program at Silver State would better address D.M.'s academic and athletic needs. Mother also stated that she did not object to the location of Silver State, that she would be available for the family visitation trips, and that she was willing and able to participate in family therapy through Silver State's satellite program.
On the other hand, IDCS fails to specifically identify how the trial court's findings lack supporting evidence, or how these findings, in turn, do not support the trial court's ultimate decision to place D.M. at Silver State. Although IDCS argues on appeal that there are comparable residential treatment facilities in Indiana that use a Cognitive Behavioral approach, as Silver *586 State does, IDCS fails to provide any evidence that the Indiana programs have comparable vocational training and athletic services and instead summarily dismisses the importance the trial court places on such programs for D.M.'s successful rehabilitation. Thus, IDCS's arguments constitute an invitation to reweigh the evidence, and this we may not do. See D.D., 804 N.E.2d at 265 (stating appellate court may not reweigh evidence or judge witness credibility).
In sum, a thorough review of the record leaves us convinced that the trial court's April 21, 2009 modified dispositional order placing D.M. at Silver State against IPCS's recommendation is supported by clear and convincing evidence. Accordingly, we find no error.
Affirmed.
BROWN, J., and HOFFMAN, SR. J., concur.