**Lee Anne LOWRY, Appellant–Defendant,**

v.

**Debbie Sue LANNING, Appellee–Plaintiff.**

No. 71A03–9902–CV–59.

Court of Appeals of Indiana.

May 19, 1999.

Jacob S. Frost, Thorne, Grodnik, Ransel, Duncan, Byron & Hostetler, LLP, Elkhart, Indiana, Attorney for Appellant.

Debbie Sue Lanning, Granger, Indiana, Attorney for Appellee.

**OPINION**

BAKER, Judge

Appellant-defendant Lee Ann Lowry appeals from the trial court's judgment in favor of appellee-plaintiff Debbie Sue Lanning, for $2,194, including court costs. Specifically, Lowry argues that the trial court erred in denying her the right to cross-examine Lanning, and that the Statute of Limitations and the Doctrine of Laches both bar Lanning's claim.

*FACTS*

Lanning brought the instant action against her sister Lowry, alleging that Lowry had an outstanding debt to Lanning of $2,159. Lowry disputes Lanning's contentions regarding the authenticity of the written contract between them, which Lanning produced only in response to Lowry's motion to correct errors. Lowry also disputes the amount still owed, and the date that the debt was incurred. However, both parties agree that the debt is at least fourteen years old.

A brief bench trial took place before the small claims division of the trial court on

October 20, 1998. The trial transcript, less than four full pages long, reveals that the trial court made a credibility determination and did not require evidence other than the testimony of the plaintiff. Instead, the trial court entered judgment in favor of Lanning for the $2,159 that she had requested, and an additional $35 in court costs. On November 17, 1998, Lowry filed a Motion to Correct Errors, which was deemed denied on January 4, 1999 after the trial court took no action. Lowry now appeals.

### DISCUSSION AND DECISION

■ We examine only Lowry's contention that she was denied the right to cross-examine witnesses because we find this issue dispositive. Lowry argues that the trial court erred in denying her the right to cross-examine Lanning. Specifically, she points out that the trial court entered judgment before she had the opportunity to question Lanning about the date of the loan.

■ The right to cross-examine witnesses under oath is a fundamental right. *Keesling v. Baker & Daniels*, 571 N.E.2d 562, 567 (Ind.Ct.App.1991), *trans. denied.* This right "cannot, unless waived, be denied by any trier of fact, any court, or administrative tribunal." *Armes v. Pierce Governor Co.*, 121 Ind.App. 566, 101 N.E.2d 199, 203–04 (1951). The trial court has discretion to determine the scope of cross-examination and only a clear abuse of that discretion warrants a reversal. *Lycan v. State*, 671 N.E.2d 447, 456 (Ind.Ct.App.1996), *trans. denied.*

In this case, Lowry attempted to question the staleness of Lanning's claim but was not allowed to hear an answer. The transcript of the hearing reveals the following exchange, which took place after Lanning had presented her side of the case:

THE COURT: Okay. Do you have any questions?

LOWRY: Yes, I do. How many years ago was this? And I do believe I do remember paying it back.

THE COURT: You remember paying all of it back?

LOWRY: Yes, I do.

THE COURT: Okay. I happen to disbelieve you.

LOWRY: How many years ago was this?

THE COURT: So I will enter a Judgment for $2,159.

LOWRY: Excuse me, your Honor.

THE COURT: Do you have any proof that you made any payments?

LOWRY: No.

THE COURT: Okay, that's it then.

Record at 48–49. In addition, the trial court stated that it did not want evidence. R. at 48. Lowry's attempts to have her question heard and answered make it clear that she did not waive her right to cross-examination but rather tried repeatedly to exercise that right. We find the trial court abused its discretion in denying Lowry the opportunity to complete any cross-examination of Lanning.

■ We note in addition that Lanning raises the issue of whether Lowry failed to raise the defenses of the statute of limitations and the Doctrine of Laches at trial. Appellee's brief at 2. Lanning contends that Lowry did not raise the issues and they are thus waived.

Small Claims Rule 4(A) provides that, "All defenses shall be deemed at issue without responsive pleadings, but this provision shall not alter the burden of proof." There is thus no requirement that Lowry had to specifically plead her defenses before trial. However, she should have been given an opportunity to assert those defenses at trial. Under the circumstances, we find that Lowry did not waive, but rather attempted to assert her defenses and was not given the opportunity to do so. We conclude that the issues which she raises can not be considered waived, and that the trial court abused its discretion in denying her the right to cross-examine Lanning.

Reversed and remanded for a new trial.

BROOK, J., concurs.

RUCKER, J., concurs with opinion.

RUCKER, Judge, concurring

I agree the trial court erred in denying Lowry the opportunity to cross-examine witnesses. However, I find another issue dispositive. This dispute between the two sisters is based upon the alleged breach of a

written contract. The sparse record before us shows that the contract was entered over thirteen years ago well beyond the six year limitation period applicable to claims for breach of contracts for the payment of money. *See* Ind.Code § 34–11–2–9. Because Lanning's claim is barred by the statute of limitations, Lanning cannot prevail as a matter of law. Therefore I would reverse outright the judgment of the trial court rather than also remanding this cause for a new trial.