Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**SCOTT BANFIELD**
Angola, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCOTT BANFIELD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1210-IF-536 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Marcia L. Linsky, Magistrate
Cause No. 02D04-1203-IF-3363

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Scott Banfield received a speeding ticket and challenged that ticket in a bench trial in Allen Superior Court. Banfield lost and received a fine of $35.50 plus court costs. Banfield now appeals, contending that the trial court erred in restricting his cross-examination of the state trooper who issued him the speeding ticket and that jurisdiction did not exist in this case. We affirm.

**Facts and Procedural History**

Around 2:39 p.m. on November 21, 2011, Indiana State Police Trooper Wes Rowlader was on patrol when he observed a black 2003 Dodge traveling on U.S. 30 near Stahlhut Road in Allen County at a high rate of speed. Trooper Rowlader activated his radar and clocked the Dodge at 75 miles per hour in a 60 mile-per-hour zone. Trooper Rowlader pulled over the car, which Banfield was driving. Trooper Rowlader asked Banfield for his license, and Banfield produced his Indiana driver's license. Trooper Rowlader explained to Banfield that he stopped him for speeding. Trooper Rowlader issued Banfield a speeding ticket and gave Banfield "information on the Court." Tr. p. 10.

A bench trial was held on the traffic infraction in September 2012. Trooper Rowlader testified for the State; Banfield represented himself but did not present any evidence on his behalf. The trial court entered judgment in favor of the State and ordered Banfield to pay a fine of $35.50 plus court costs.

Banfield, pro se, now appeals.

2

## Discussion and Decision

Traffic infractions are civil, rather than criminal, in nature, and the State must prove the commission of the infraction by only a preponderance of the evidence. *Rosenbaum v. State*, 930 N.E.2d 72, 74 (Ind. Ct. App. 2010), *trans. denied.* On appeal, Banfield does not contest that a traffic infraction occurred. Rather, he contends that the trial court erred in limiting his cross-examination of Trooper Rowlader and that jurisdiction did not exist in this case.

The right to cross-examine witnesses under oath is a fundamental right. *Lowry v. Lanning*, 712 N.E.2d 1000, 1001 (Ind. Ct. App. 1999). Unless waived, this right cannot be denied. *Id.* The trial court has discretion to determine the scope of cross-examination, and only a clear abuse of that discretion warrants a reversal. *Id.*

Trooper Rowlader testified on direct examination that on November 21, 2011, he stopped Banfield in Allen County on U.S. 30 near Stahlhut Road because he was driving 75 miles per hour in a 60 mile-per-hour zone. He approached Banfield and asked for his driver's license. Banfield produced an Indiana driver's license. Trooper Rowlader issued Banfield a speeding ticket and gave him "information on the Court." Tr. p. 10. Banfield then conducted the following cross-examination of Trooper Rowlader:

| | |
|---|---|
| Q [by Banfield]: | Mr. Rowlader, do you consider yourself to be an expert in the interpretation and application of the constitution and statutes of the State of Indiana? |
| MR. CRELL: | Objection, he's not -- the trooper isn't in a position to give testimony as to the law. |
| DEFENDANT: | I'm trying to establish credibility, competency of the witness. |

3

THE COURT: Well, exactly how is his expertise in the constitution and statutes, other than the speeding statute, relevant to this charge of speeding?

DEFENDANT: Well, I assumed that the alleged speeding violation is a statutory violation, so I'm looking for knowledge of statutes.

THE COURT: I'll show the objection is sustained.

Q: Do you consider yourself to be knowledgeable in the interpretation and application of the Constitution and the statutes of the State of Indiana, Mr. Rowlader?

A: What do you mean by interpretation?

Q: Do you consider yourself –

MR. CRELL: Judge, I'm going to object again. This whole line of questioning is irrelevant. The officer can testify to the facts. It's the Court's determination to interpret the law and how that applies to the facts. The trooper isn't here to tell us what the law is.

THE COURT: I'll show that objection is sustained.

Q: Mr. Rowlader, are you here today to provide testimony to the fact that I have violated the statute?

A: I'm here [in] reference [to] a subpoena I got from Allen County Court on a ticket I wrote you for speeding of seventy five (75) in a sixty (60).

Q: I'd like to re-state the question and I'd prefer to get a yes or no answer. Have you come here today to provide testimony that I violated a statute?

A: Yes.

Q: Mr. Rowlader, factually what is a statute?

A: Indiana Code 9-21-5-2.

Q: I'm asking factually, not the number of the statute.

4

MR. CRELL:        Objection.  Relevancy.

DEFENDANT:        I'm trying to establish factually whether a statute has been violated or not.

THE COURT:        That's my job, Mr. Banfield.  I'll show the objection is sustained.  Do you have any other questions of the trooper?

DEFENDANT:        I do, but –

THE COURT:        Proceed.

Q:                Mr. Rowlader, is the statute in question today applicable to me?

MR. CRELL:        Objection.  Same grounds as my prior objection.

THE COURT:        Objection sustained.

Q:                Mr. Rowlader, for you to serve a complaint and summons and for this court to have jurisdiction, does the alleged violation have to have occurred within –

MR. CRELL:        Objection. –

Q:                -- the State of Indiana.

MR. CRELL:        -- Same grounds as before.  He's asking the trooper how this Court gains jurisdiction is what I believe he's asking.

DEFENDANT:        I'm trying to see if I can factually establish the jurisdiction of the Court, or lack thereof.

THE COURT:        I'll show the objection is sustained.

Q:                Mr. Rowlader, do you have any facts or evidence to present today to show that this court has jurisdiction over me as a person?

MR. CRELL:        Objection.

THE COURT:    I'll show the objection is sustained.

Q:    Mr. Rowlader, do you have any factual evidence to demonstrate the existence of a plaintiff known as State of Indiana in this case?

MR. CRELL:    Objection.

THE COURT:    I'll show the objection is sustained.

Q:    Mr. Rowlader, can you provide any testimony today to support my having done any harm or damage to anyone on November 21st?

MR. CRELL:    Objection. That's not an element of the infraction that's been charged.

THE COURT:    How is that relevant to the issue of speeding, Mr. Banfield?

DEFENDANT:    I'm trying to establish whether there is a valid cause of action being pursued in the Court.

THE COURT:    The allegation is speeding. I'll show the objection is sustained.

Q:    Mr. Rowlader, do you have any factual evidence to present today which can demonstrate that a guilty verdict by this Court will increase driver safety?

MR. CRELL:    Objection. Relevancy.

THE COURT:    I'll show the objection is sustained.

DEFENDANT:    That concludes my questions at this time.

THE COURT:    Any re-direct from the State.

MR. CRELL:    Nothing, Judge.

THE COURT:    Thank you, Trooper. You may step down. Mr. Banfield, did you wish to testify on your own behalf?

DEFENDANT:    I don't wish to provide any testimony today.

6

*Id.* at 11-15 (formatting altered). Banfield then provided a closing argument.

We first note that even though Banfield has been proceeding pro se in this case, he is still held to the same standard as trained legal counsel. *Goosens v. Goosens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). As for Banfield's attempts to question Trooper Rowlader concerning the application and interpretation of the Indiana Constitution and Indiana statutes and whether the trial court had jurisdiction over Banfield, we find that the trial court did not abuse its discretion in restricting Banfield's cross-examination of Trooper Rowlader. This is because Indiana Evidence Rule 704(b) provides that a witness may not testify as to legal conclusions. And to the extent that Banfield argues that he was not allowed to question the trial-court judge concerning the court's jurisdiction, *see* Appellant's Br. p. 4, Indiana Evidence Rule 605 provides, "The judge presiding at the trial may not testify in that trial as a witness."

Finally, as for Banfield's challenges to the trial court's jurisdiction in this case,[1] we find that there was both subject-matter and personal jurisdiction. The question of subject-matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006). Allen Superior Courts are granted jurisdiction over criminal matters, which include traffic infractions. *See* Ind. Code §§ 33-33-2-31, 33-29-2-8. And

---

[1] Banfield actually argues "standing" on appeal. *See* Appellant's Br. p. 5-6. But the issue of standing—which focuses on whether the complaining party is the proper person to invoke the court's power and ensures that litigation is actively and vigorously contested—*see Scott v. Randle*, 736 N.E.2d 308, 315 (Ind. Ct. App. 2000)—does not apply to infraction cases where the State is the plaintiff and represented by the prosecuting attorney. *See* Ind. Code § 33-39-1-5 ("[T]he prosecuting attorneys, within their respective jurisdictions, shall: (1) conduct all prosecutions for felonies, misdemeanors, or infractions . . . .") (formatting altered).

7

because Banfield's case involved a traffic infraction committed in Allen County and Allen Superior Courts are empowered to adjudicate traffic-infraction cases, Allen Superior Court had subject-matter jurisdiction in this case. As for personal jurisdiction, Banfield is an Angola, Indiana, resident, *see* Appellant's App. p. 1, who received a speeding ticket and summons, *see* Tr. p. 10, and submitted himself to the authority of the trial court. *See K.S.*, 849 N.E.2d at 542. Accordingly, there was both subject-matter and personal jurisdiction in this case.

Affirmed.

KIRSCH, J., and PYLE, J., concur.