FILED
Jun 22 2023, 9:03 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Austin & Jones, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Rori L. Goldman
Brandais H. Hagerty
Hill Knotts & Goldman, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patricia Dorsett,
*Appellant-Plaintiff,*

v.

Dr. Jenna Lubitz, DVM,
*Appellee-Defendant*

June 22, 2023

Court of Appeals Case No.
22A-SC-2948

Appeal from the Hamilton
Superior Court

The Honorable P. Chadwick Hill,
Magistrate

Trial Court Cause No.
29D05-2208-SC-6133

**Opinion by Judge Crone**
Judge Brown and Senior Judge Robb concur.

**Crone, Judge.**

## Case Summary

Patricia Dorsett appeals the small claims court's dismissal of her negligence claim against Dr. Jenna Lubitz, DVM. We reverse and remand.

## Facts and Procedural History

On September 11, 2020, Dorsett took her nearly fifteen-year-old dog, Walter, to MedVet Animal Hospital for emergency veterinary care. Dorsett had taken Walter to MedVet the day prior due to excessive vomiting and lethargy. Walter was treated and discharged, and Dorsett was advised by the veterinarian on duty to monitor him overnight and return in the morning for an ultrasound if she felt like his condition did not sufficiently improve.

At approximately 8:30 a.m. on the morning of September 12, Dorsett returned to MedVet with Walter. Dr. Lubitz was the veterinarian on duty. Dorsett reported that Walter was not eating or drinking, seemed uncomfortable, and was overall weak. Upon physical examination, Walter appeared dehydrated, tense, and uncomfortable in his abdomen. Dr. Lubitz had three twenty- to thirty-minute phone conversations about Walter with Dorsett that day.[1] During those conversations, Dr. Lubitz and Dorsett discussed Walter's health history, his current condition and symptoms, and the treatment options including diagnostic testing, medications, and even euthanasia. Walter was eventually

---

[1] Due to COVID-19 restrictions, Dorsett remained in her car in the MedVet parking lot while Walter was being treated.

admitted to MedVet. An ultrasound revealed evidence of pancreatitis, cholangitis, and partial common bile duct obstruction. Dorsett and Dr. Lubitz agreed to a plan where Walter would be treated with IV fluids, antinausea medications, antibiotics, pain medications, and steroids. Dorsett left MedVet around 4:00 p.m. Staff notes indicate that at some point during that day, Walter developed a fever, was unable to sit upright on his own, and was crying out in pain. Dr. Lubitz increased his pain medications to provide more pain control. Dr. Lubitz continued to be in charge of Walter's care until her shift ended at 7:00 p.m. Sometime thereafter, Walter's condition further declined, and he experienced cardiac arrest. CPR was initiated by staff, but Walter died.

[4] In August 2022, Dorsett filed a negligence claim against Dr. Lubitz in the Hamilton Superior Court Small Claims Division. She alleged that Dr. Lubitz "violated her legal and ethical obligation to disclose fully the clinical condition of Walter (dog) to his owner, [Dorsett], and also failed to disclose key aspects of his treatment when seeking consent to treat from owner, [Dorsett]." Appellant's App. Vol. 2 at 6. Dorsett sought $900.00 in damages, which she alleged represented the cost of medications given to Walter to which she would not have consented had she known of his dire condition.

[5] A hearing was held via Zoom on December 1, 2022. Dorsett appeared pro se, and Dr. Lubitz appeared with counsel. At the outset, Dorsett testified and explained her negligence theory to the trial court in relevant part as follows:

> Your Honor, this case is about a breach of duty that occurred on September 12, 2020 ….

> On this day, Dr. Lubitz either intentionally or negligently failed in her duties …. She failed to advise me of Walter's significantly deteriorating health over the course of the day while under her care and while I sat outside in the parking lot.
>
> ….
>
> And because of her failure to provide a reasonable level of candor and honesty and detail in her statements to me, I incurred additional charges that I would never have consented to had I simply known … how much worse Walter had become over the course of the day while under her care.
>
> ….
>
> I was never advised by Dr. Lubitz that my dog was a very ill pet. That was something – I was sitting in the parking lot for eight hours that day – that was for her to tell me whether or not he was very ill. And if he was, I had already alerted her to the fact that I would want to push the euthanasia.

Tr. Vol. 2 at 6-7, 15. Dorsett also presented several documentary exhibits to support her claim.

[6] At the conclusion of her testimony, the trial court asked Dorsett if she had any additional evidence. Dorsett indicated that she wished to call Dr. Lubitz as a witness. Defense counsel objected, stating, "Well, she didn't list my client as a witness on her discovery." *Id*. at 29. The trial court then informed Dorsett that she could not call Dr. Lubitz as her own witness, but that she would be permitted to cross-examine Dr. Lubitz after the defense concluded direct examination. Dorsett then asked if she could call her husband as a witness.

Dorsett admitted that his testimony would likely be cumulative of her own, and the trial court denied her request, stating, "I'm not finding that that would be beneficial to the Court's processing of the evidence at this point." *Id*. at 30.

[7] Thereafter, defense counsel called Dr. Lubitz as a witness and conducted direct examination. At the conclusion of Dr. Lubitz's direct testimony, and before allowing Dorsett to ask a single question, the trial court sua sponte determined that Dr. Lubitz could not be held personally liable for any negligence because the court believed that the evidence revealed that she was an employee of MedVet. Therefore, the court concluded that Dorsett had essentially "failed to state a claim upon which relief can be granted because … this claim was brought against the wrong party." *Id*. at 65. The court stated that it was denying Dorsett's negligence claim and abruptly ended the hearing. The trial court subsequently issued a written order to this effect. Dorsett now appeals.

## Discussion and Decision

[8] Our standard of review in small claims cases is well settled. Small claims judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). We consider evidence in the light most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Hastetter v. Fetter Props., LLC*, 873 N.E.2d 679, 682 (Ind. Ct. App. 2007).

[9] "This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012) (citation omitted). "Although the method of proof may be informal, the parties in a small claims court bear the same burdens of proof as they would in a regular civil action on the same issues." *Spainhower v. Smart & Kessler, LLC*, 176 N.E.3d 258, 263 (Ind. Ct. App. 2021), *trans. denied* (2022). The party bearing the burden of proof must demonstrate that she is entitled to the recovery sought. *Id*. We review questions of law de novo. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

[10] Our review of the record here reveals that the trial court sua sponte dismissed Dorsett's negligence claim for "[f]ailure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17." Ind. Trial Rule 12(B)(6); *see Meyers v. Meyers*, 861 N.E.2d 704, 705 (Ind. 2007) (noting that motion to dismiss asserting Rule 12(B)(6) challenges legal sufficiency of complaint). First, we note that ordinarily, "a trial court may not sua sponte dismiss an action unless the court lacks jurisdiction or is otherwise authorized by statute or the rules of procedure." *Tracy v. Morell*, 948 N.E.2d 855, 862 (Ind. Ct. App. 2011). Moreover, the trial court dismissed Dorsett's claim based upon its mistaken belief that Dr. Lubitz could not be sued personally for negligence because she was an employee of MedVet. On appeal, Dorsett asserts, and Dr. Lubitz concedes, that this was clear error. As noted by Dorsett, it is well settled that when an employee commits wrongful acts within

the scope of her employment, "[t]he employer and employee are jointly and severally liable: both the employer and employee are liable for any injury and damages caused by the employee's negligence, and either or both may be sued for such damages at the option of the injured party." *Hogan v. Magnolia Health Sys. 41*, *LLC*, 161 N.E.3d 365, 370 (Ind. Ct. App. 2020), *trans. denied* (2021). Accordingly, the trial court clearly erred in concluding that Dorsett could not sue Dr. Lubitz personally for negligence.

[11] Dr. Lubitz maintains that the trial court's error in this regard was harmless. She urges us to simply affirm the trial court and summarily dismiss Dorsett's claim based upon the theory that "Dorsett failed to meet her burden to prove her case of veterinary negligence by not presenting expert testimony regarding the applicable standard of care which is required in negligence actions against professionals where the standard of care is a complicated issue outside the understanding of lay persons." Appellee's Br. at 15. We agree with Dr. Lubitz that the evidentiary standard for a negligence claim against a veterinarian is the same as for other highly trained professions in that, in order for the finder of fact to know if a professional has complied with the applicable standard of care, a party must present expert testimony establishing the standard of care. *See, e.g., Methodist Hosps., Inc. v. Johnson*, 856 N.E.2d 718, 721 (Ind. Ct. App. 2006) (to establish the applicable standard of care and a breach of that standard in a medical negligence case, a plaintiff generally must present expert testimony); *Troutwine Ests. Dev. Co. v. Comsub Design & Eng'g. Inc.,* 854 N.E.2d 890, 902 (Ind. Ct. App. 2006) (same regarding engineers), *trans. denied* (2007); *Storey v. Leonas*,

904 N.E.2d 229, 238 (Ind. Ct. App. 2009) (same regarding attorneys), *trans. denied*.

[12] Nevertheless, the trial court here wholly deprived Dorsett of the opportunity to establish that standard of care and properly prove her case. Indeed, Dorsett was not required to present her own expert but could have used Dr. Lubitz's own testimony to establish the applicable standard of care. *See Perry v. Driehorst*, 808 N.E.2d 765, 769-70 (Ind. Ct. App. 2004) (noting that defendant/professional's own testimony could be used as sole expert testimony regarding standard of care), *trans. denied*. But the trial court short-circuited the case and dismissed Dorsett's negligence claim on clearly erroneous grounds without giving her the opportunity to call and question Dr. Lubitz directly as a witness or, at the very least, to cross-examine Dr. Lubitz. This was a denial of due process.

[13] "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses[,]" *Ind. State Bd. of Educ. v. Brownsburg Cmty. Sch. Corp.*, 842 N.E.2d 885, 889 (Ind. Ct. App. 2006), and it is well established that the informality of small claims proceedings does not supplant fundamental rights or constitutional protections. *See Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008) (holding that Due Process Clause of Fourteenth Amendment to United States Constitution supersedes informal format of small claims case); *see also Lowry v. Lanning*, 712 N.E.2d 1000, 1001 (Ind. Ct. App. 1999) (reversing small claims court that denied litigant fundamental right to cross-examine witnesses). It was within this informal format that there is no question that Dorsett should have been permitted to call Dr. Lubitz as a witness

in her case-in-chief. Dr. Lubitz's assertion that this trial court decision was proper because Dorsett had not identified Dr. Lubitz, the defendant, as a testifying witness in discovery was incorrect. Then, compounding that error, the trial court inappropriately terminated the proceedings prior to Dorsett being allowed to cross-examine Dr. Lubitz, thus denying her the fundamental right to cross-examine witnesses. Under the circumstances, we do not have a sufficient record from which to conclude that any error in the dismissal was harmless. Accordingly, we reverse and remand for a new hearing during which Dorsett shall be given a full opportunity to prove her case.

[14]    Reversed and remanded.

Brown, J., and Robb, Sr.J., concur.